ISAF
FILED
OCT 15 2014
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Christopher Peter Harner,<br><br>    Debtor.<br><br>Mark Harner,<br><br>    Movant. | Case No. 14-12415-B-13<br><br>DC No. DMW-1 |

**MEMORANDUM DECISION REGARDING
MOTION FOR RELIEF FROM STAY**

David M. Wiseblood, Esq., of the Law Offices of David M. Wiseblood, appeared on behalf of the movant, Mark Harner.

Robert S. Williams, Esq., of Williams & Williams, Inc., appeared on behalf of the debtor/respondent, Christopher Peter Harner.

    Before the court is a motion for relief from the automatic stay arising under 11 U.S.C. § 362(a)[1] (the "Motion") filed by Mark Harner (the "Movant"). Movant requests permission to exercise his nonbankruptcy remedies under a promissory note and deed of trust which the Movant acquired from Milestone Financial LLC (the "Milestone Loan" or the "Loan"). For the reasons set forth below, the Motion will be granted.

/ / /

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 362, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)A(A) & (G).

**Background and Findings of Fact.**

The Movant is the Debtor's brother and the collateral for the Milestone Loan is a 120-acre parcel of rural property located in Mariposa, California (the "Mariposa Property" or the "Property"), where their elderly mother (the "Mother") lives in a mobile home. Prior to March 2012, the Mother held title to the Mariposa Property. Somehow, through a series of events which are not detailed in the record, in March 2012, the Debtor acquired title to the Property from his Mother reserving for her a life estate interest. Then, in November 2012, the Debtor somehow obtained from the Mother a release of the life estate and pledged the Property as collateral for the Milestone Loan. The Debtor borrowed $175,000 against the Mariposa Property at 13% interest. The Milestone Loan fully matures in December 2014.

After the Debtor acquired the grant deed from his Mother, the Debtor's family members, Stephen Harner and Susan Harner Lazdins, filed an elder abuse civil action against the Debtor in the Mariposa County Superior Court (Case No. 10287). The details of that litigation are not in the record, but in June 2013, the parties entered into a "Settlement and Release Agreement" in which the Debtor agreed, *inter alia*, that the Mother could continue to live on the Mariposa Property. (Decl. of Mark Harner, Ex. 1, Doc. No. 26.)

The Debtor did not make the payments on the Milestone Loan and it went into default in early 2014. The Mariposa Property was scheduled for foreclosure sale on May 8, 2014, the same day the Movant purchased the Loan to stop the foreclosure. This bankruptcy was filed on May 7, 2014, one day before the scheduled foreclosure.

The Debtor's schedules list one parcel of real property, the Mariposa Property, which the Debtor values at $400,000. The Debtor claimed a $175,000 homestead exemption for the Property. The schedules list a single secured claim, the Milestone Loan, which is now held by the Movant. The schedules list only $10,775 of fully exempt personal property exclusive of a $25,000 "personal loan" which is listed without any explanatory information. The Debtor has no priority unsecured debts and his general unsecured obligations are only $3,102. Movant filed a proof of claim stating a balance due on the Milestone Loan in the amount of $216,383.83. Movant values the Mariposa Property at $140,000.

The Debtor has yet to confirm a chapter 13 plan. He filed a modified plan on August 26, 2014, which is set for a preliminary confirmation hearing on October 29, 2014 (the "Modified Plan").[2] The Milestone Loan fully matures in December 2014, and must therefore be paid in full within the term of the Modified Plan. The Modified Plan provides for payment of the Milestone Loan over a period of five years with monthly dividends of $3,816 and interest at the rate of 4.25% per year. Also set for hearing on October 29 is a motion to dismiss the case filed by the chapter 13 trustee. The trustee's motion is supported by a declaration dated August 27, 2014,

---

[2]Movant objected to the Debtor's original plan on essentially the same grounds for which he also seeks relief from the automatic stay. That objection was sustained at a hearing on July 30, 2014. The court anticipates that the Movant will object to confirmation of the Modified Plan as well.

3

which states that the Debtor had failed to make approximately 2-1/2 monthly chapter 13 plan payments.

**Analysis and Conclusions of Law**

**Applicable Law.** Movant seeks relief under § 362(d) which provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

Pursuant to § 362(g), the Movant has the burden of proof on the issue of the Debtor's equity. The Debtor has the burden of proof on all other issues. However, once the court finds that cause exists to grant relief under § 362(d)(1), it does not have to decide if there is equity in the subject property or whether the property is necessary to an effective reorganization. Although the Debtor has the ultimate burden of proof on the "cause" issue, Movant must produce some evidence in the first instance to support the "cause" allegation. *Tirey Distributing Company v. Sloan (In re Tirey Distributing Co.)*, 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999) (quoting *In re Tursi*, 9 B.R. 450, 453 (Bankr. E.D. Pa. 1981)).

The Movant seeks relief from stay under § 362(d)(1) for cause. The term "for cause," as used in § 362(d)(1), is not defined in the Bankruptcy Code. The term "is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re Indian River Estates, Inc.*, 293 B.R. 429, 433 (Bankr.

N.D. Ohio 2003) (citing *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995)). Factors to consider in determining whether the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor; (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative portionality of the harms from modifying or continuing the stay. *In re Tirey Distributing Co.*, 242 B.R. at 723 (citing *Milne v. Johnson (In re Milne)*, 185 B.R.. 280 283 (D.C. N.D. Ill. 1995)).

It is the bankruptcy court's function to determine when cause exists on a case by case basis. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). The court can only do so by looking at all of the circumstances. If the court finds "cause," then it "shall" grant relief from stay. § 362(d)(1).

**Cause Exists to Terminate the Automatic Stay.** The Motion is supported by a declaration from the Movant which sets forth the following undisputed facts: The Harner family has owned the Mariposa Property for several decades,[3] the Property is not zoned for residential development, the Debtor's Mother is 88 years old and lives on the Property in a mobile home, the Debtor only made three payments on the Milestone Loan, the Debtor did not purchase insurance for the Property, and the Debtor did not pay the 2013-14 real property taxes on the Property. The Motion is also supported by an appraisal from a licensed real estate appraiser who values the Mariposa Property at $140,000, far below the amount owed on the

---

[3]The Mariposa Property is actually part of an 1,100 acre ranch which the Harner family began to acquire in 1956. The Debtor has no interest in any of the ranch property except the deed to the 120 acres which he acquired from his Mother in 2012.

5

Milestone Loan.

In opposition to the Motion, the Debtor filed a declaration which acknowledges in pertinent part that the Milestone Loan went into foreclosure because he did not have enough income to service the Loan payments. It states, without corroborating evidence, that he now has "a new position in Las Vegas, Nevada, making substantially more money than when the bankruptcy was filed." The Debtor concludes with a proclamation of his intent to refinance the Milestone Loan and essentially take the Movant out of the picture. Finally, in a supplemental pleading, the Debtor lodged an unauthenticated appraisal suggesting that the Mariposa Property was worth $302,000 in December 2013, but argues that the Mariposa Property is actually worth $435,000, based on alleged "comparable sales." The Debtor's response offers no explanation of how or why he acquired the Mariposa Property from his Mother, why he borrowed the money from Milestone Financial, or what he did with the Loan proceeds.

It is apparent from all of the pleadings that this Motion, and the underlying bankruptcy, arise essentially out of a long-standing family feud, a two-party dispute between the Debtor on the one hand, his brother and other family members on the other. The Debtor and his family have already been in litigation in the Mariposa Superior Court over the Mariposa Property and the care of their Mother. The person in the middle, who appears to have the most at risk here, and who cannot appear and be heard, is the 88 year old Mother. The only significant asset in this case is the Mariposa Property for which the Movant has invested a substantial amount of money in an effort to protect for his Mother. The only significant claim in this case is the Milestone Loan which the Debtor now owes to his brother. The unsecured debts are insignificant and the Debtor does not need the Mariposa Property to pay off those debts.

The Debtor's response does not explain how or why he got his Mother to deed the Mariposa Property and surrender her life estate to him, and it does not address why he pledged the Mariposa Property as collateral for a substantial short term loan from Milestone Financial. Most striking is the omission of any evidence to show that the Debtor has a personal financial interest in the Mariposa Property. The court can infer from the absence of any evidence to the contrary that the Debtor did not pay his Mother anything for the Property. He subsequently borrowed all or substantially all of the value of the Property and spent the money for personal reasons unknown. He has not invested in any improvements to the Property. He has not invested in insurance for the Property or paid the property taxes. The Debtor claimed a homestead exemption in the Mariposa Property, but it does not appear that he lives there; he apparently lives and works in Las Vegas. The only residential improvement on the Property is the Mother's mobile home.

The Movant purchased the Milestone Loan in a last minute effort to preserve the family ranch and protect the Mariposa Property for his Mother who lives there. This bankruptcy is solely about the Debtor's desire to retain title to the Mariposa Property, but for what purpose? What will the Debtor lose if the Movant is allowed to foreclose the Milestone Loan, other than the possible ability to refinance the Loan and take more equity out of the Property? It appears that the person with the most at stake here is the Debtor's Mother. If there are any issues to be resolved between the Debtor and his family regarding the Debtor's right to own the Mariposa Property, or to care for their Mother, those can be resolved in the state court.

/ / /

/ / /

**Conclusion.**

Based on the many unanswered questions regarding the Debtor's acquisition and encumbrance of the Mariposa Property, and the obvious need to protect the Mother's interest in the Property, the court is persuaded that cause exists to allow the Movant to exercise his remedies against the Property under the Milestone Loan. Accordingly, the Motion will be granted.

Dated: October __15__, 2014

W. Richard Lee
United States Bankruptcy Judge

## Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

David M. Wiseblood, Esq.
Attorney at Law
601 Montgomery Street, Suite 2000
San Francisco, CA 94111

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721